**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

STACY KING,                                                                                              PETITIONER
ADC #119212

V.                                          5:09-cv-00357-DPM-JJV

LARRY NORRIS, Director,                                                                       RESPONDENT
Arkansas Department of Correction,

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 500 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. §2254 of Stacy King, an inmate of the Arkansas Department Correction.

## I. BACKGROUND

On January 20, 2006, King was convicted in a jury trial of three counts of delivery of cocaine. (Doc. No.6, Ex. A, Add. 12-13). He was sentenced as a habitual offender to three prison terms of 60 years, to be served consecutively, for a total of 180 years and to pay a $25,000 fine for each conviction. (*Id.*).

King filed a timely notice of appeal to the Arkansas Court of Appeals on February 22, 2006. (Doc. No.6, Ex. A, Add. 18-19). King argued that there was insufficient evidence to

support the conviction, but the court affirmed his conviction on December 5, 2007. (Doc. No.6, Ex. B1, pp. 1-3). The mandate affirming the judgment was issued on December 27, 2007. (Doc. No.6, Ex. B2, p.1).

On January 22, 2008, King filed a Rule 37 petition seeking post-conviction relief from the circuit court. (Doc. No.6, Ex. C, p. 4). On February 28, 2008, the circuit court denied the Rule 37 petition, stating that the petition "fails miserably in setting forth any facts to support the relief sought by the defendant." (Doc. No.6, Ex. C, p. 15). King subsequently filed a notice of appeal, appealing the denial of his Rule 37 petition to the Arkansas Supreme Court. (Doc. No.6, Ex. C, p. 18). On November 13, 2008, the Arkansas Supreme Court issued an opinion affirming the denial of King's Rule 37 claims. (Doc. No.6, Ex. D, pp.1-5).

King filed his current federal habeas petition on November 13, 2009, and argues that (1) his counsel was ineffective for failing to ensure a chemist's appearance and testimony at trial, which denied him a Sixth Amendment right to confront his accusers; (2) his counsel was ineffective for failing to move for severance of his three charged drug offenses; (3) he was denied due process and his Eighth Amendment right to be free from cruel and unusual punishment because his sentence is grossly disproportionate to his crimes; and (4) he is entitled to relief under the Cumulative Error Doctrine. (Doc. No. 1, pp. 1-7).

Respondent contends that the statute of limitations bars consideration of this petition. (Doc. No. 6). In the alternative, Respondent claims that King's arguments are procedurally defaulted or meritless.

This Court issued an order on March 25, 2010, allowing King's counsel to respond

to the statute of limitations argument. In his response, King's counsel argues that the United States Court of Appeals for the Eighth Circuit's opinion in *Parmley* does not apply to this case "because it did not represent the state of the law at the time that King filed his petition." (Doc. No. 9, p.1). He further states that "[i]t is well-settled that the Constitution prohibits federal habeas courts from applying a procedural rule retroactively against a habeas petitioner." (*Id.*).

The Respondent filed a reply on May 10, 2010, arguing that *Parmley* "is an interpretation of what the Arkansas court structure is, was, and has been, and is not a new procedural rule that is being retroactively applied." (Doc. No. 11, p. 1). Respondent also contends that equitable tolling does not apply to King because he has failed to "meet his burden of establishing that he had been pursuing his rights diligently." (*Id.*).

II.   **ANALYSIS**

The Court finds that King's habeas petition is barred by the statute of limitations in 28 U.S.C. § 2244(d). Title 28 U.S.C. § 2244(d)(1) and (d)(2) imposes a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Title 28 U.S.C. § 2244(d)(1) and (d)(2).

The relevant triggering date in this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review" includes review by the United States Supreme Court, if the petitioner obtained or sought review of the judgment by the State's court of last resort. *Riddle v. Kemna*, 523 F.3d 850, 854-55 (8th Cir. 2008). A judgment becomes final under § 2244(d)(1)(A) upon the denial of certiorari or the expiration of the ninety days allowed for filing a petition for certiorari. *Smith v. Bowersox*, 159 F.3d 345, 348 (8th Cir. 1998).

In 1998 the United States Court of Appeals for the Eighth Circuit found that the statute of limitations for habeas petitions did not begin to run until 90 days after the Missouri Court of Appeals denied an appeal. *Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999) (en banc). The United States Court of Appeals for the Eighth Circuit permitted this 90-day period because "in that time period, a petitioner could file a petition for writ of certiorari in

the United States Supreme Court, regardless of whether the petitioner had filed a petition for transfer to the Missouri Supreme Court." *Burns v. Pruden*, 588 F.3d 1148, 1150 (8th Cir. 2009) (citing *Nichols v. Bowersox*, 172 F.3d at 1072). Therefore, under *Nichols*, the statute of limitations in federal habeas cases did not begin to run until 90 days after the denial of an appeal, regardless of any efforts to file a petition to transfer to the state supreme court. *Id.* (citing *Nichols v. Bowersox*, 172 F.3d at 1072).

However, in 2008, the United States Court of Appeals for the Eighth Circuit issued a decision in *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (en banc), overruling its previous en banc decision in *Nichols v. Bowersox*. The court found that the Missouri Supreme Court is the court of last resort in Missouri and that "without a denial of discretionary review by the Missouri Supreme Court, a Missouri lower court decision cannot be directly review by the United States Supreme Court. . . ." *Riddle*, 523 F.3d at 855. The court reasoned that because the Supreme Court could not have reviewed Riddle's direct appeal, the expiration of time for seeking direct review did not include the 90-day period for seeking certiorari. *Id.* Therefore, Riddle's conviction became final when the Missouri Court of Appeals issued its mandate. *Id.* at 855-56.

The United States Court of Appeals for the Eighth Circuit, applying its holding in *Riddle*, addressed the issue of "which appellate court in Arkansas is the 'state court of last resort.'" *Parmley v. Norris*, 586 F.3d 1066 (8th Cir. 2009). The Court concluded that "the Arkansas Court of Appeals was not the 'state court of last resort,' and therefore the [United States] Supreme Court could not have reviewed  either the Arkansas Court of Appeals'

6

affirmation of Parmley's conviction or denial of his motion for rehearing. *Id*. at 1073. Therefore, "the expiration of time for seeking [direct] review does not include the time period that Parmley could have filed a petition for certiorari. *Id*.

In this case, Respondent contends that King's conviction, based upon *Parmley*, became final on December 27, 2007, the date the Arkansas Court of Appeals issued its final mandate. (Doc. No. 6, p. 4). Respondent argues the one-year statute of limitations period began running the next day, December 28, 2007. (*Id*.). However, Respondent acknowledges that the statute of limitations period stopped when King filed his Rule 37 petition on January 22, 2008, and tolled until November 13, 2008, when the Arkansas Supreme Court dismissed King's Rule 37 petition. (*Id*.). Respondent contends that the statute of limitations period began running again on November 14, 2008, and the one-year limitation period expired on October 9, 2009. (*Id*.). As a result, Respondent urges that King should have filed his petition for habeas corpus relief on or before October 9, 2009. (*Id*.). King did not file his instant habeas action until November 13, 2009.[1] Respondent argues that King's failure to act within the one year statute of limitations period is fatal to this action. (*Id*.).

King's argument that *Parmley* cannot be applied retroactively to his case is not persuasive. The *Parmley* decision interpreted the state of the law as it existed and currently exists and is not a new rule. *Parmley*'s facts on this issue are nearly identical, but predate King's. It is illogical that the United States Court of Appeals would not apply the analysis

---

[1]King's petition is 24 days over the one year statute of limitations period. The time period from December 28, 2007 through January 22, 2008, and from November 14, 2008, through November 13, 2009, is a total of 389 days.

7

of *Parmley* to a nearly identical limitations period issue that occurred almost three years later.[2] Thus, applying the law of *Parmley* to the facts of this case does not violate the rule in *Ford v. Georgia*, 498 U.S. 411 (1991) as argued by King.

While King does not raise an equitable tolling argument, the Court has considered equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Riddle*, 523 F.3d at 857. In *Riddle*, the United States Court of Appeals for the Eighth Circuit held that "[t]he abrogation of an en banc precedent is an extraordinary circumstance, external to [the petitioner] and not attributable to him." *Id*. The court has consistently held that where *Riddle* rendered habeas petitions untimely, habeas petitioners satisfy the extraordinary circumstance requirement. *See*, *Burns v. Prudden*, 588 F.3d 1148, 1151 (8th Cir. 2009); *Shelton v. Purkett*, 563 F.3d 404, 407 (8th Cir. 2009), *cert. denied,* 130 S.Ct. 739 (Nov. 30, 2009).

Therefore, the Court must look at whether King can establish that he has pursued his rights diligently. As discussed above, King's conviction became final on December 27, 2007, and the statute of limitations period began running the next day. The statute of limitations period tolled when King filed his Rule 37 petition on January 22, 2008, through November 13, 2008, when the Arkansas Supreme Court dismissed King's Rule 37 petition. However, after November 13, 2008, King did not file any other petitions until filing his

---

[2] Parmley's conviction became final on May 19, 2004, and the statue of limitations began running the next day. *Parmley*, 586 F.3d at 1073. In this case, King's conviction became final on December 27, 2007, and the statute of limitations began running the next day.

8

instant habeas on November 13, 2009, 364 days later. This cannot be considered due diligence. Nothing in the record before the Court proves that King diligently sought any other rights after his Rule 37 petition was dismissed. Accordingly, King has not met the burden of establishing equitable tolling. If King has diligently pursued other rights that are not in the record before the Court, he may provide those in his objections to this Report and Recommendation.

### III.   CONCLUSION

As a result of the foregoing, this Court finds that the petition was filed after the applicable
statute of limitations deadline, and that the limitations period was not subject to equitable tolling.

IT IS THEREFORE RECOMMENDED that:

1.   King's § 2254 petition (Doc. No. 1) should be DISMISSED with prejudice, and the requested relief be DENIED.

DATED this <u>19th</u> day of May, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE