**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

STACY KING, ADC #119212                                                                PLAINTIFF

v.                                       No. 5:09CV00357 JLH

WENDY KELLEY, Director,
Arkansas Department of Correction                                                      DEFENDANT

## OPINION AND ORDER

Stacy King has filed a motion for relief from the judgment pursuant to Rule 60(b) and for appointment of counsel. King is serving three prison terms of sixty years to be served consecutively in the Arkansas Department of Correction. He previously filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. This Court dismissed the petition because it was barred by the one-year period of limitations in 28 U.S.C. § 2244(d)(1) and because King was not entitled to equitable tolling. The United States Court of Appeals for the Eighth Circuit affirmed. He now seeks to set that judgment aside pursuant to Federal Rule of Civil Procedure 60(b).

King argues that he is entitled to relief based on *Martinez v. Ryan*, 566 U.S. 1, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), and *Trevino v. Thaler*, 569 U.S. 413, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013). In those two cases, the Supreme Court of the United States recognized a narrow exception to the rule that prohibits federal courts from awarding habeas relief to state prisoners who procedurally defaulted their claims in state court. *Martinez* and *Trevino*, however, do not apply the one-year period of limitations in section 2244(d)(1). *See Arthur v. Thomas*, 739 F.3d 611, 628-31 (11th Cir. 2014) (holding that *Martinez* does not apply to the limitations period in section 2254 cases or tolling of that period); *Tolefree v. Hobbs*, No. 5:14CV0091-KGB, 2015 WL 2237886 at *3 (E.D. Ark. May 12, 2015) (same).

Although prisoners frequently confuse the two, procedural default and a limitations bar are

separate and distinct legal principles. Procedural default occurs when a prisoner fails to present his claims to a state court. *Wooten v. Norris*, 578 F.3d 767, 776 (8th Cir. 2009). When a prisoner fails to present his claims to a state court, a federal court may not consider them under 28 U.S.C. § 2254 unless the prisoner demonstrates cause for the default and actual prejudice as a result of the violation of federal law. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565, 115 L. Ed. 2d 640 (1991). *Martinez* and *Trevino* announced a narrow exception for certain ineffective assistance of counsel claims. When that exception applies, a prisoner may be entitled to present his ineffective assistance of counsel claims in federal court even though he has not presented them to the state courts. In contrast, the one-year period of limitations in section 2244(d)(1) governs the deadline for filing a section 2254 claim in federal courts. Whether a prisoner has met the deadline for filing a federal claim presents an issue that is entirely different from whether the prisoner has presented his claims to a state court. Nothing in *Martinez* or *Trevino* created an exception to the one-year deadline for filing in federal court.

As mentioned above, King failed to file his section 2254 claim in federal court within the one-year deadline, which was why his claim was previously dismissed and that is why the court of appeals affirmed the dismissal. Neither this Court nor the Eighth Circuit held that King's claims were procedurally defaulted. *Martinez* and *Trevino*, therefore, do not help King.

Stacy King's motions for relief from the judgment and for appointment of counsel are DENIED. Documents #31 and #33. No certificate of appealability will be issued.

IT IS SO ORDERED this 3rd day of November, 2017.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE